## SATULLA v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14443.   Decided Jan 14, 1935

474

Bernon, Mulligan, Kelley & LeFever, Cleveland, for plaintiff in error.

Frank T. Cullitan, Cleveland, and Thomas A. Burke, Jr., Cleveland, for defendant in error.

SHERICK, PJ, LEMERT and MONTGOMERY, JJ, (5th Dist) sitting by designation.

**OPINION**

By MONTGOMERY, J.

From this judgment of conviction, error is prosecuted to this court, and numerous assignments of error are raised, all of which have been considered.

Except as hereinafter stated, we find no error occurring during the progress of the trial, either in the introduction or exclusion of evidence, or in the charge of the court.

The evidence clearly shows beyond all reasonable doubt that Satulla did utter and publish a forged document, and the finding of the jury in this respect was not against the weight of the evidence.

It is contended that the prosecuting attorney in his argument to the jury was guilty of misconduct which constitutes prejudicial error, by reason of the language used by him, due to the fact that the accused did not take the stand. As we view it, this statement of the prosecutor, to which exception is taken, constitutes nothing more than a misstatement of the law applicable to the case. This was corrected by the trial court and the law of the case accurately and completely stated to the jury, and we fail to see how it could have been misled, or how the accused was prejudiced by the remarks of which complaint is made.

The really serious question involved is the indictment upon four counts, and whether or not the third and fourth counts against Satulla were good in view of the facts.

He was not charged with having forged the name of either the alleged grantor or the alleged grantee in this bill of sale. He was charged with uttering and publishing a paper containing these forgeries. This act of which he clearly was guilty constituted, in our judgment, one offense and not two offenses. What he uttered and published was a single paper, although that paper contained two forgeries. It seems to us that as to the first and second counts he properly was found guilty upon the one count and not upon the other. In other words, he could not be convicted under this indictment and proof, of two separate and distinct acts by virtue of these two counts. The third and fourth counts, which go to the question of the misrepresentation and falsifying of the names of the grantor and grantee in the alleged bill of sale, are brought under and by virtue of §6310-12 GC which is as follows:

"It shall be unlawful for any corporation, partnership, association or person, whether the manufacturer, importer, or agent of either, or the owner, holder, or person in possession of a 'motor vehicle' or 'used motor vehicle,' conveying, transferring, delivering, giving away, selling, passing title to or attempting to pass title to such 'motor vehicle' or 'used motor vehicle' to misrepresent, in the 'bill of sale' or sworn statement as required by this act, the name or names, and place or places of residence or business of the corporation, partnership, association or person executing and delivering such 'bill of sale' or 'sworn statement' or to forge, change or counterfeit any part thereof or to misrepresent therein the number or numbers placed upon such 'motor vehicle' or 'used motor vehicle' by the manufacturer or otherwise misrepresent the description of the same, or to misrepresent or falsify the name or address of the corporation, partnership, association or person, purchasing, obtaining or receiving such 'motor vehicle' or 'used motor vehicle'."

To render one subject to indictment under this section, in our judgment, he must have been one of the persons mentioned in the section. Clearly, he was not the manufacturer, importer or agent of either as to this alleged car. Nor was he the owner, holder, or person in possession of this alleged car. According to the evidence he never came within any of these classes. He was the owner or holder of nothing more than a piece of paper. This section is, in our judgment, intended not to cover forgeries, but is intended to cover the case of one making or attempting to make a sale of an automobile owned or held by him and making misrepresentations as to some of the essential elements connected therewith. In other words, under the proof in this case, Satulla was not properly convicted on either the third or fourth count of the indictment.

Holding, therefore, that the conviction was proper upon the first count only, the judgment of the trial court must be modified, and proceeding under the authority vested in this court by §§13449-1 and 13459-6 GC, it is the order that the judgment of the trial court as to the conviction upon the first count be, and it is hereby affirmed, and that as to the judgment of the trial court upon the second, third and fourth counts, the same is vacated and set aside. And it is ordered that a mandate issue from this court directed to the Warden of the Ohio Penitentiary, advising him of the correction and diminution of sentence as herein ordered. Exceptions may be noted.

SHERICK, PJ, and LEMERT, J, concur.